[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court granted the defendants' motion to reargue their objection to the plaintiff's request to revise dated July 28, 1997, on August 12, 1997.
The claim for reargument was that the objection was ruled upon by one judge on June 17, 1997; then the motion was filed again and ruled upon by another judge on July 14, 1997. The order of June 17, 1997 has been vacated as of September 5, 1997.
This court heard reargument on the defendants' objection to the plaintiff's motion to revise dated June 9, 1997 on September 23, 1997.
As a result of that hearing, the Court finds that the plaintiff has requested that the defendants revise their counterclaim in counts two through six by separating the cause of action for "Going Out of Business Sale" from the other causes of action and file a separate count for that claim. The defendants claimed that the claim for "Going Out of Business Sale" is merely an additional element of damages and not a separate cause of action. The counterclaim seeks damages on the grounds that the action of the plaintiff caused the defendants' credit to be ruined, their business lost, their reputation damaged and the forced "Going Out of Business Sale" caused a monetary loss.
The court does not agree with the plaintiff's claim that the forced sale is a separate cause of action under Article 9 of the Uniform Commercial Code. Section 42a-9-504 governs a situation where a secured party takes possession after a default but does not take title. That was not the situation here. The court, therefore, finds that the UCC is inapplicable in this case. Accordingly, the Objection to the Request to Revise on counts two, three, four, five and six are sustained. This court's ruling to the contrary on July 14, 1997 is hereby overruled.
D. Michael Hurley Judge Trial Referee CT Page 8587